CHARLES A. MORAN, as trustee under the will of Thomas Webb, for the benefit of Hamilton J. Davis,

*v.*

MILLICENT S. DENTON, HENRY M. DENTON, CHARLES M. HORTON, NATHAN J. TAYLOR and JAMES DAILEY.

[Decided October 5th, 1917.]

If a debtor, in failing circumstances, convey his land for an apparently inadequate consideration to a creditor in payment of a debt, the burden is on the grantee to show that the sale was *bona fide*, and unless it is clear that it was, the sale will be set aside upon equitable terms.

---

On pleadings and proofs.

*Mr. Richard Doherty* and *Mr. Lewis Karasek* (of the New York bar), for the complainant.

*Messrs. Durand, Ivins & Carton,* for the defendants.

LEWIS, V. C.

This is a bill in aid of an execution. The following facts have been established: Millicent S. Denton owned property in Avon, Monmouth county, New Jersey, the same being lots 147, 148, 149, 150 and 151 on the map of Avon. On December 27th, 1910, Mrs. Denton became indebted to Annie A. Moran in the sum of $6,000, for which she gave her bond, secured by a mortgage on property in the borough of Bronx, New York, which bond and mortgage, by assignment dated November 17th, 1911, were set over to complainant; the mortgage was foreclosed and judgment of deficiency was recovered in the New York supreme court; and on February 3d, 1915, a suit was brought in the New Jersey supreme court on the deficiency judgment; and on March 12th, 1915, a judgment was recovered in the New Jersey supreme court by Charles A. Moran against Mrs. Denton for $6,731.47, thereupon execution was issued on April 27th, 1915, to the sheriff of Monmouth county, who, for want of goods and chattels, lands and tenements whereon to levy, returned the writ wholly unsatisfied.

On May 29th, 1912, Mrs. Denton conveyed lot No. 147 to Nathan J. Taylor; and on October 20th, 1913, she conveyed all the other lots mentioned to Charles M. Horton.

The bill charges that these conveyances were made in fraud of the complainant, and that, in furtherance of the scheme of fraud, Nathan J. Taylor, on March 19th, 1915, conveyed lot No. 147 to Charles M. Horton, and Horton then conveyed all five of the lots to James Dailey, who thereupon executed a mortgage to Taylor for $3,700 and then reconveyed all five of the lots to Horton; the complainant charges that the conveyances were without consideration, and made to defraud the complainant, and prays that said conveyances be set aside as fraudulent against him and that the land should be sold to pay his judgment debt.

The undisputed facts are that at and prior to May, 1912, Mrs. Denton owned the property in question, comprising five lots and buildings thereon, located at the northeast corner of Woodland and Second avenues, in Avon, lot No. 147 having a small cottage and stable thereon, and there being also a larger cottage, with garage or stable in the rear, on lots Nos. 149, 150 and 151. She also owned some real estate in New York City, which depreciated considerably in value and caused her financial embarrassment.

Some time prior to May, 1912, the defendant, Nathan J. Taylor, loaned to Mrs. Denton $2,000 on her note, which was to be repaid when due, and upon Mrs. Denton's failing to meet it, Taylor, by his agent, George W. Pittenger, insisted upon having a deed for lot No. 147, being the small cottage property, on which there was at that time a mortgage, held by one William Taylor, for $3,500.

On December 19th, 1912, Mrs. Denton borrowed from Rebecca Mears $5,000 on her mortgage on the larger cottage property, and lots 149, 150 and 151.

On July 17th, 1910, Mrs. Denton borrowed from the defendant, Charles M. Horton, her nephew, $4,000, and later, on May 8th, 1911, she borrowed from him an additional $6,000, on which she paid him interest to October, 1913. He then demanded security, and she gave him a deed for lots Nos. 148 to 151, inclusive. This deed he did not record immediately, because, as he testified, he hoped that Mrs. Denton might be able to repay him, but finding that she was unable to do so, he recorded his deed on June 15th, 1914.

In December, 1915, Mrs. Mears, the holder of the $5,000 mortgage covering lots 149, 150 and 151, having died, her executors demanded payment of her mortgage and the arrears of interest on her mortgage, the taxes and other charges against the property amounting at that time to about $1,700, and in order to prevent foreclosure and a sale of the property for taxes, the defendant, Nathan J. Taylor, finally agreed to advance the $1,700 necessary to pay these charges on the property and to take a mortgage on the five lots for $3,700, made up of his $2,000 and this additional $1,700; and Horton, in order to

avoid putting up the money to take up the Mears' mortgage and pay the taxes, accepted this proposition; and to carry it out and so as to avoid the giving of a bond by him (Horton), Taylor conveyed by deed dated December 23d, 1914, lot No. 147 to Horton; and Horton, by deed of the same date, conveyed the entire property to Dailey; and Dailey then gave a mortgage on the entire property to Taylor for $3,700, dated January 29th, 1915; then Dailey, by deed of the same date, January 29th, 1915, reconveyed the entire property to Horton.

All these papers were delivered to Mr. Carton, who had charge of the transaction, and the transaction was closed by him March 18th, 1915, and all the papers on that day were sent by him for record, and were recorded on March 19th, 1915.

Nathan J. Taylor and Charles M. Horton are both men of considerable means. I have no doubt that they advanced the consideration for the deeds to them as testified to by them.

However, it is settled law that if a debtor, in failing circumstances, convey his land for a consideration apparently inadequate, to a creditor, in payment of a debt due him, the burthen will be thrown on such creditor to show, by full proof, that such transaction was *bona fide;* and if the honesty of such conveyance be left in doubt the sale will be set aside upon equitable terms. *Demarest* v. *Terhune, 18 N. J. Eq. 532.*

And in that case the conveyance was set aside with directions that the land should be sold, the proceeds of such sale to be applied, in the first place, to pay the debt due to the creditor who held the conveyance, and after the payment of the costs of both parties, then to the satisfaction of the judgment of the complainant.

My conclusion is that the honesty of the conveyance is left in doubt and the sale will be set aside upon equitable terms.

In addition to the foregoing I have reached the conclusion that at the time when Mrs. Denton gave the deeds to Nathan J. Taylor and to Charles M. Horton, they were given merely as security for the debts which she owed them. Both Taylor and Horton asked for security and Mrs. Denton testified that she gave them the deeds as security. The fact that Horton and Taylor did not convey away the property to an innocent purchaser

is a fact very much in their favor, as there is no doubt such a deed from either one of them would have been perfectly good.

The complainant's counsel insisted that by reason of the conveyances recorded March 19th, 1915, that he had acquired a lien upon the property superior to the mortgage to Taylor for $3,700, and that the title or interest of Horton in the property was also subservient to complainant's judgment.

I find nothing to sustain this contention, and I shall, therefore, advise a decree that in the absence of satisfactory proof of actual fraud the transfers by Mrs. Denton will be sustained to the extent of the consideration actually given and declared void as to the residue.

I will fix the terms of the decree on application.